**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ALLEN PROCTOR,
                                          Petitioner,

        -against-

TIMOTHY MCCARTHY,
                                          Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

                        MEMORANDUM DECISION
                           AND ORDER

                        19 Civ. 2988 (GBD) (JLC)

GEORGE B. DANIELS, United States District Judge:

        Petitioner Allen Proctor filed this petition for a writ of habeas corpus *pro se* pursuant to 28

U.S.C. § 2254, challenging his conviction of assault in the second degree.  (*See* Pet. for Writ of

Habeas Corpus (the "Petition"), ECF No. 1.)  Petitioner also requested discovery pursuant to Rule

6(a) of the Federal Rules Governing Section 2254 Proceedings, seeking the bystander victim's

medical records, the grand jury minutes, and access to the prosecutor's case file.

        Before this Court is Magistrate Judge James L. Cott's March 10, 2020 Order and Report

and Recommendation (the "Report," ECF No. 45), denying Petitioner's motion for discovery and

recommending denying his habeas petition.  (Report at 57.)  Magistrate Judge Cott advised the

parties that failure to file timely objections would constitute waiver of those objections on appeal.

(*Id.* at 57–58.)  No party filed objections.  Having reviewed the Report for clear error and finding

none, this Court ADOPTS the Report and DENIES Petitioner's request for a writ of habeas corpus.

## I.    BACKGROUND[1]

        On August 20, 2011, Petitioner stole a woman's purse at a Manhattan restaurant.  (Report

at 2 (citing State Record ("S.R."), ECF No. 17-1, at 73–74.)  Petitioner and the woman's husband

engaged in a struggle, causing them to injure the husband and a bystander.  (*Id.*)  On September

---

[1] The procedural and factual background is set forth in detail in the Report and incorporated by reference.

1

12, 2011, Petitioner was charged with second-degree assault, N.Y. Penal Law §120.05[6], five counts of grand larceny in the fourth degree, N.Y Penal Law §155.30[4], and five counts of criminal possession of stolen property in the fourth degree, N.Y. Penal Law §165.45[2]. (*Id.* at 3.)

Proctor pled guilty in New York County Supreme Court to second-degree assault in full satisfaction of the indictment on January 10, 2012. (*Id.* at 4.) At sentencing in April 2012, Petition moved to withdraw his plea, claiming ineffective assistance of counsel. (*Id.* at 7.) The court denied the motion and sentenced Petitioner to five years in prison followed by five years of post-release supervision, in accordance with the plea agreement. (*Id.* (citing S.R. at 15–16).)

On May 5, 2012, Petitioner filed a motion to rehear and reargue his motion to withdraw his guilty plea, claiming that his attorney provided ineffective assistance, his guilty plea was "inappropriate" and not made voluntarily, he was innocent, and he was improperly sentenced as a second violent predicate felony offender. (*Id.* at 9 (citing S.R. at 134–41).) The New York County Supreme Court denied Petitioner's motion in its entirety. (*See id.*) Petitioner then appealed to the Appellate Division, First Department, which affirmed Petitioner's conviction on December 14, 2017. (*See* S.R. at 228–29.) On April 4, 2018, the New York Court of Appeals denied Petitioner leave to appeal the First Department's decision. *People v. Proctor*, 31 N.Y.3d 1016 (2018).

On March 26, 2019, Petitioner *pro se* filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, contending that: (1) the indictment was jurisdictionally defective because prosecutor knowingly presented false evidence to the grand jury, (2) his conviction by guilty plea "lacked due process" as there was "insufficient evidence of physical injury to complainant;" (3) trial counsel was ineffective for failing to make the above jurisdictional deficiency and legal insufficiency arguments; and (4) appellate counsel was ineffective for not making the same arguments or communicating with Petitioner as to what grounds would be raised

2

on appeal.  (*Id.* at 13–14.)  Petitioner later supplemented his petition and asserted that the
prosecution failed to prove an essential element of his second-degree assault charge.  (*Id.* at 14
(citing Pet. Suppl., ECF No. 10).)  Petitioner also sought discovery of the medical records from
the bystander victim, grand jury minutes, and the New York County District Attorney's Office's
case file related to the prosecution of this case.  (*See* Disc. Mot., ECF No. 20.)  On March 10,
2020, Magistrate Judge Cott denied Petitioner's discovery motion and recommended that his
petition for a writ of habeas corpus also be denied.[2]  (*See* Report at 57.)

## II.   LEGAL STANDARDS

### A.  Reports and Recommendations

A court "may accept, reject, or modify, in whole or in part, the findings or
recommendations" set forth in a magistrate judge's report.  28 U.S.C § 636(b)(1)(C).  When no
party files objections to a report and recommendation, the court may adopt the report if "there is
no clear error on the face of the record."  *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250,
253 (S.D.N.Y. 2005) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)).  Clear
error is present only when "upon review of the entire record, [the court is] 'left with the definite
and firm conviction that a mistake has been committed.'"  *United States v. Snow*, 462 F.3d 55, 72
(2d Cir. 2006) (quoting *United States v. Garcia*, 413 F.3d 201, 222 (2d Cir. 2005)).

### B.  State Court Decisions Under the Antiterrorism and Effective Death Penalty Act

Under 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act
of 1996 ("AEDPA"), federal courts may grant habeas relief only if a state prisoner has shown that
the state court decision from which he seeks relief was (1) "contrary to, or involved an

---

[2] Petitioner appears to have been released from prison on April 21, 2020 and discharged from parole
supervision on January 6, 2022.  *See* N.Y. State Dep't of Corrs. and Cmty. Supervision, *Parolee Lookup*,
https://publicapps.doccs.ny.gov/ParoleeLookup/default (last visited July 14, 2023) (DIN "18A3273").

unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States" at the time of the decision; or (2) "based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d)(1)–(2). To satisfy the first element, the state court ruling must be "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *White v. Woodall,* 572 U.S. 415, 420–21 (2014) (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)).

### C. *Pro Se* Petitioner

Generally, courts liberally construe a "*pro se* petition 'to raise the strongest arguments' it suggests." *Davis v. Walsh*, No. 08 Civ. 4659 (PKC), 2015 WL 1809048, at *1 n.1 (E.D.N.Y. Apr. 21, 2015) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 472 (2d Cir. 2006)). *Pro se* status, however, "does not exempt a party from compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (citation omitted).

### III.   PETITIONER'S HABEAS CORPUS PETITION IS DENIED

Magistrate Judge Cott correctly determined that Petitioner's habeas corpus petition fails because he has not demonstrated (1) defects in the grand jury proceedings undermining the indictment, (2) due process violations undermining his conviction, (3) ineffective assistance of trial counsel for failure to argue points (1) and (2), or (4) ineffective assistance of appellate counsel for failure to argue points (1) and (2) and for failure to communicate with him. (Report at 25.)

### A. No Findings of Defects in the Grand Jury Proceedings

Proctor first claims that the indictment was jurisdictionally defective because "[t]he prosecutor knowingly used false evidence of felony complaint and medical records[,] which falsely stated that the complainant sustained a fractured ankle." (Pet. at 6.) A state prisoner must first have "fairly presented to an appropriate state court the same federal constitutional claim that he now urges upon the federal courts." *Klein v. Harris*, 667 F.2d 274, 282 (2d Cir. 1981). Petitioner

4

never raised his claims regarding the grand jury in a state court proceeding. (Report at 26.) Even if Petitioner had exhausted his claims in state court, his claim is not cognizable in a federal habeas petition. *See Mirrer v. Smyley*, 703 F. Supp. 10, 11–12 (S.D.N.Y. 1989) ("The right to a grand jury is a matter of New York State law and as such is not reviewable on a petition for habeas corpus."). Moreover, Proctor's valid guilty plea cured any possible deficiency in the grand jury proceeding. (Report at 27.)

### B. Petitioner's Due Process Claims Are Meritless

This Court liberally construes Petitioner's habeas petition to raise three due process concerns: involuntariness of his guilty plea, insufficiency of the evidence, and prosecutorial misconduct. (Report at 30.) Each of Petitioner's claims is without merit. (*Id.*)

Constitutional due process requires that a guilty plea be a "voluntary and intelligent choice among the alternative courses of action open to the defendant." *Ventura v. Meachum*, 957 F.2d 1048, 1058 (2d Cir. 1992) (citation omitted)). Generally, a plea is considered "intelligent" if the accused "had the advice of counsel and understood the consequences of his plea," and it is "voluntary" if it is not the result of threats, coercion, or incapacity. *Miller v. Angliker*, 848 F.2d 1312, 1320 (2d Cir. 1988) (citing *Brady v. United States*, 397 U.S. 742, 750 (1970)). Statements made at plea allocutions "carry a strong presumption of verity" and "constitute a formidable barrier in any subsequent collateral proceeding." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Here, at his allocution, Petitioner told the state court under oath that he had sufficient time to discuss the plea offer with his attorney, no one had forced or pressured him to plead guilty, and he was pleading guilty freely and of his own volition. (Report at 33–34 (citing S.R. at 5–6).)

Additionally, Petitioner failed to raise issues regarding the sufficiency of evidence on direct appeal, and he no longer has a state court forum available in which to exhaust his claims; therefore,

5

this contention is procedurally barred. (Report at 46.) Furthermore, by entering a guilty plea, Petitioner forfeited his right to challenge his conviction based on sufficiency of the evidence. (*Id.*); *see also Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

Petitioner's claims that the prosecutor knowingly introduced false evidence and unconstitutionally excluded exculpatory evidence are also meritless. (*See* Report at 41–42.) Both assertions are procedurally barred, as Petitioner did not raise either on direct appeal. (*Id.* at 42.) Petitioner may thus obtain review of these claims only if he shows "cause and prejudice for the procedural default" or that he is actually innocent of the underlying offense. *Dretke v. Haley,* 541 U.S. 386, 393 (2004); (Report at 42–43). "Actual innocence" is factual innocence, not mere legal insufficiency. *See Bousley v. United States*, 523 U.S. 614, 623 (1998). Petitioner has shown neither cause for failure to exhaust his claims nor actual innocence. (Report at 43.)

Furthermore, "Proctor has not demonstrated that [any alleged *Brady* material of medical records] would be favorable to him, much less any reason why [it] would be so." (*Id.* at 45.) Proctor's prosecutorial misconduct claim thus does not warrant habeas relief because the prosecution did not suppress or exclude *Brady* material. (*Id.*)

## C. Petitioner's Claims of Ineffective Assistance of Trial and Appellate Counsel Also Fail

Finally, Petitioner has not established that his trial nor his appellate counsel's performance was deficient, nor that he suffered any resulting prejudice. To state a claim for ineffective assistance of counsel under *Strickland v. Washington,* 466 U.S. 668 (1984), Petitioner must establish that "counsel's representation fell below an objective standard of reasonableness" and that, but for counsel's errors, Petitioner would not have pled guilty and would have proceeded to trial, *id.* at 688, 694. Petitioner secured a beneficial plea bargain as a result of his trial attorney's assistance, and he has not shown that there was any real likelihood of securing a better result at

6

trial or on appeal.  (Report at 38–39); *Jones v. Barnes*, 463 U.S. 745, 751 (1983) (counsel need not "press nonfrivolous points requested by the client").   Therefore, Petitioner does not satisfy *Strickland*'s two-part test.

## IV.   CONCLUSION

Having reviewed Magistrate Judge Cott's Report and Recommendation for clear error and finding none, this Court ADOPTS the Report in full.  Proctor's petition for a writ of habeas corpus pursuant to 28 U.S.C § 2254, (ECF No. 1), is therefore DENIED.

The Clerk of Court is respectfully directed to close this action.

Dated:  July 17, 2023
        New York, New York

SO ORDERED.

GEORGE B. DANIELS
United States District Judge

7